UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br> v. <br><br> **LYNNWOOD NESTER**, <br><br> Defendant. | Criminal Action No. 22-cr-183 (TSC) |

**UNITED STATES' MOTION IN LIMINE
TO LIMIT DISCUSSION OF SECURITY-RELATED MATTERS**

The government hereby moves in *limine* to limit the introduction of evidence and cross examination regarding (1) locations of U.S. Capitol Police surveillance system ("CCTV") cameras and (2) Secret Service protocols related to protection of the Vice President. These topics have little to no probative value for this trial and would compromise significant security interests if disclosed.

Motions in *limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011). The government presents these issues to the Court in an effort to prepare this case for an efficient trial. For the two motions herein, the United States asks that the Court grant the requested relief or, if the Court reserves ruling, to consider the below arguments when the relevant issues arise during trial.

BACKGROUND

In Counts One and Two of the Information, the defendant, Lynwood Nester, is charged with violating 18 U.S.C. § 1752(a)(1) and (2) by knowingly entering or remaining in a restricted building or grounds without lawful authority, and knowingly, and with intent to impede or disrupt

1

the orderly conduct of Government business and official functions, engaging in disorderly or disruptive conduct in, or within proximity of, any restricted building or grounds, when such conduct does in fact impede or disrupt Government business and official functions during the breach of the United States Capitol on January 6, 2021. That statute defines "restricted buildings or grounds" to include any building or grounds temporarily visited by a person being protected by the Secret Service. 18 U.S.C. § 1752(c)(1)(B). Counts Three and Four charge the defendant with Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D), and Parading, Demonstrating, and Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

## ARGUMENT

The government moves to preclude the admission of any evidence, through cross-examination or through the defense case-in-chief, or argument by counsel, regarding certain sensitive, security-related topics. Specifically, the government seeks to preclude evidence or argument concerning (1) the exact locations of U.S. Capitol Police ("USCP") security cameras and (2) the protocols of the U.S. Secret Service ("USSS"). As explained below, these two topics have little to no probative value but would compromise significant security interests if needlessly disclosed to the public. The government does not intend to elicit any of the following topics in its case-in-chief and, for that reason, cross-examination on such topics may simply be beyond the scope of direct examination and impermissible for that reason. *See* Fed. R. Evid. 611(b). To the extent that the defendant seeks to argue that any of the following topics are relevant and within the scope of the government's examination, the government requests an order under Rules 401 and 403 foreclosing unnecessary cross-examination on these topics.

It is well established that this Court may reasonably limit a criminal defendant's presentation of evidence and cross-examination of witnesses. *See United States v. Whitmore*, 359

2

F.3d 609, 615-16 (D.C. Cir. 2004) ("The district court . . . has considerable discretion to place reasonable limits on a criminal defendant's presentation of evidence and cross-examination of government witnesses."). For one thing, the Court may prohibit cross-examination that goes beyond matters testified to on direct examination. Fed. R. Evid. 611(b). This is particularly so when the information at issue is of a sensitive nature. *See e.g., United States v. Balistreri*, 779 F.2d 1191, 1216-17 (7th Cir. 1985) (upholding district court's decision to prohibit cross-examination of agent about sensitive information about which that agent did not testify on direct examination and which did not pertain to the charges in the case), *overruled on other grounds by Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016). The Confrontation Clause only guarantees "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985).

More specifically, even if marginally relevant, this Court may exclude evidence under Federal Rule of Evidence 403 on the ground that its marginal probative value is significantly outweighed by the national security risks implicated by that evidence's use at trial. The Supreme Court has recognized that trial courts' balancing under Federal Rule of Evidence 403 should account for concerns extrinsic to the litigation, such as "witness' safety." *Olden v. Kentucky*, 488 U.S. 227, 232 (1988). Accordingly, courts have properly balanced the sensitivity of national security-related information against the probative value of such information to the case, excluding the evidence where its relevance is slight. *See, e.g., United States v. Marshall*, 544 F. Supp. 3d 1032, 1042 (D. Mont. 2021); *United States v. Mohammed*, 410 F. Supp. 2d 913, 918 (S.D. Cal. 2005); *cf. United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) (endorsing balancing test in context of Classified Information Procedures Act).

This Court should take the same step here for the reasons given below. The marginal probative value of the exact positions of USCP cameras, the camera map, and U.S. Secret Service protocols are substantially outweighed by national security concerns, and any probative value can be addressed without compromising the protective functions of government agencies.

A. Exact Locations of USCP Cameras

To meet its burden of proof at trial, the government will present video evidence from a variety of sources, including Capitol Police surveillance footage. As detailed in the Declaration of Thomas A. DiBiase (Exhibit 1), the Capitol Police maintains an extensive closed-circuit video system which includes cameras inside the Capitol Building, inside other buildings within the Capitol complex and outside on Capitol grounds. These cameras captured thousands of hours of footage from the breach of the Capitol and have been instrumental in documenting the events of January 6, 2021. The government produced the exact locations of USCP closed-caption video ("CCV"), including maps showing each camera's physical location, in discovery pursuant to the Highly Sensitive designation of the Protective Order. The purpose of that disclosure was to permit the defendant to make use of such information in order to identify evidence and prepare for trial. Nevertheless, those locations do not serve to illuminate any fact of consequence that is before the jury. Absent some concrete and specific defense need to probe the camera's location, there is nothing to be gained from evidence of specific camera locations or the map of all CCV cameras.

In contrast, the national security implications at stake are significant. The U.S. Capitol Police's surveillance system serves an important and ongoing function in protecting Congress. Furthermore, the maps that show the physical location of cameras have been designated as "Security Information" under 2 U.S.C. § 1979, which generally requires approval of the Capitol Police Board before they may be released. If a map that revealed the location of all Capitol cameras

4

were introduced in this trial, or in any trial, it would become available to the general public and foreign adversaries. Anyone could discern the Capitol Building's camera coverage as of January 6, 2021, including parts of the Capitol where cameras were not then installed.

Accordingly, the security considerations of introducing this evidence clearly outweigh any marginal probative value of the specific locations or map of CCV cameras. For these reasons, courts in this district have routinely granted similar motions in limine in January 6-related cases to limit discussion of the precise locations of CCTV cameras within the Capitol and the map of CCTV locations. *See, e.g.*, *United States v. Zink*, No. CR 21-191 (JEB), 2023 WL 5206143 at *2 (D.D.C. Aug. 14, 2023) (precluding questioning about the precise location of USCP cameras and requiring in camera proceedings if defendant establishes need to do so); *United States v. Stacy Wade Hager*, 23-cr-381 (TSC), 3/24/23 Minute Order (granting Government's Motion in Limine regarding Evidence About the Specific Locations of United States Capitol Police Surveillance Cameras, Doc. 39); *United States v. Rhine*, No. CR 21-0687 (RC), 2023 WL 2072450 at *11 (D.D.C. Feb. 17, 2023) (same); *United States v. Russell Dean Alford*, 21-cr-263 (TSC), Doc. 83 (same).

B. Secret Service Protocols related to the Vice President

To meet its burden of proof at trial, the government will call a witness from the United States Secret Service to testify that at the time of the Capitol breach, Secret Service agents were on duty to protect Vice President Mike Pence and his two immediate family members, all of whom were present at the Capitol.

The very nature of the Secret Service's role in protecting the Vice President and his family, however, also implicates sensitive information related to that agency's ability to protect high-ranking members of the Executive branch and, by extension, national security. Thus, the government seeks an order limiting the cross-examination of the Secret Service witnesses to

5

questioning about the function performed by the Secret Service as testified to on direct exam, in this case protecting the Vice President and his family. The defendant should be specifically foreclosed from questioning the witnesses about: (1) Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; and (2) details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees. These topics have no relevance to any issue at controversy and therefore are inadmissible under Federal Rule of Evidence 401 and even if they did, any relevance would be substantially outweighed by the danger of prejudicing the government's legitimate interest in the safety of senior government officials, *see* Fed. R. Evid. 403.

Courts in this district have routinely granted similar motions in limine in January 6-related cases to limit discussion of Secret Service protocols and the Vice President's precise movements on January 6, 2021. *See, e.g.*, *United States v. Mock*, No. CR 21-444 (JEB), 2023 WL 3844604 at *2-3 (D.D.C. June 6, 2023); *United States v. Chwiesiuk*, No. CR 21-0536 (CKK), 2023 WL 3002493 at *7-8 (D.D.C. Apr. 19, 2023), *United States v. Griffith*, No. CR 21-244-2 (CKK), 2023 WL 2043223 at*4-5 (D.D.C. Feb. 16, 2023).

### C. In Camera Hearing Requested

If the defense believes that presentation of the exact locations of the Capitol Police cameras is necessary, or that presentation of the Capitol Police map is necessary, the government requests that the Court conduct a hearing *in camera* to resolve the issue. As noted, in this case, disclosure of certain information could prove detrimental to the Capitol Police's ability to protect members

of Congress and could affect our national security. Courts have found such considerations justify *in camera* proceedings. *See, e.g.*, *Zink*, 2023 WL 5206143 at *2.[1]

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court grant the government's motions in *limine* as described in this omnibus motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   /s/ Brian Morgan
BRIAN MORGAN
NY Bar No. 4276804
Trial Attorney
601 D Street, N.W.
Washington, D.C. 20530
Brian.morgan@usdoj.gov
(202) 305-3717

/s/ Katherine E. Boyles
Katherine E. Boyles
Assistant U.S. Attorney
D. Conn. Fed. Bar No. PHV20325
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001

---

[1] *See also United States v. Nixon*, 418 U.S. 683, 714 (1974) (affirming district court's order for in camera inspection of subpoenaed presidential materials); *United States v. Kampiles*, 609 F.2d 1233, 1248 (7th Cir. 1979) ("It is settled that in camera . . . proceedings to evaluate bona fide Government claims regarding national security information are proper."); *In re Taylor*, 567 F.2d 1183, 1188 (2d Cir. 1977) (finding that in camera proceedings "serve to resolve, without disclosure, the conflict between the threatened deprivation of a party's constitutional rights and the Government's claim of privilege based on the needs of public security."); *United States v. Brown*, 539 F.2d 467, 470 (5th Cir. 1976) (per curiam) (same). At any such hearing, the defendant should be required to make "a proffer of great specificity" regarding the need for the evidence and the scope of his questions. *Cf. United States v. Willie*, 941 F.2d 1384, 1393 (10th Cir. 1991) (requiring such proffer where evidence of defendant's belief might have permissible and impermissible purposes, and careless admission would raise issues under Fed. R. Evid. 403).

Phone: 203-931-5088
Email: Katherine.Boyles@usdoj.gov