IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CASE NO. 1:22-cr-00183-TSC |
| | : |
| | : (JUDGE CHUTKAN) |
| v. | : |
| | : |
| | : |
| LYNWOOD NESTER, | : |
| | : |
| Defendant | : |

## BRIEF IN OPPOSITION TO GOVERNMENT'S NOTICE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b)

On 3 July 2023 the Government filed a Notice of Evidence Pursuant to Rule 404(b) of Defendant's attendance at and participation in the 5 January 2021 "Stop the Steal" rally at the Pennsylvania State Capitol to be utilized as evidence of Defendant's knowledge of what was to occur at the U.S. Capitol on 6 January and his intent to participate therein.

### Procedural History

On 20 May 2022, the Government filed an indictment alleging violations of, *inter alia*, 40 USC § 5104(e)(2)(D) (Count One); disorderly conduct in a capitol building and 40 USC § 5104(e)(2)(G) (Count Two); parading, demonstrating, or picketing in a capitol building.

To support these claims against the Defendant, the Government proposes to introduce that the Defendant attended the Stop the Steal rally on 5 January 2020, at

the Pennsylvania State Capitol. ECF No. 82. As justification, the Government posits the evidence is relevant to the underlying offenses charged and is therefore admissible under FRE 404(b) to establish the Defendant's knowledge of and intent to partake in what was to occur the following day at the U.S. Capitol. Id. at 1.

The Government asserts the Defendant's attendance at the rally in which supporters of President Donal Trump, including members of "Free PA," urged legislators to not to certify the result of the 2020 presidential election evidences his knowledge of and intent to join "what was happening at the U.S. Capitol on January 6." Id. at 2.

## Legal Authority

As established by the D.C. Circuit, FRE 404(b) is a rule of "inclusion rather than exclusion." United States v. Cassell, 292 F.3d 788,796 (2002) (quoting United States v. Bowie, 232 F.3d 923, 929 [D.C. Cir. 2000]). Furthermore, "evidence is only prohibited if it is offered for the impermissible inference that a defendant is of bad character resulting in bad conduct." Castell, 292 F.3d at 796. Although Rule 404(b) may not prohibit character evidence offered for the permitted purposes, 404(b) evidence remains subject to the "general strictures limited admissibility such as Rule 402 and 403." Huddleston v. United States, 485 U.S. 681, 692 (1988). Rule 402 provides that relevant evidence is admissible if not otherwise prohibited by law, whereas Rule 403 states the court may reject otherwise relevant evidence if

"its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 402; Fed. R. Evid. 403.

Rules 403 and 404(b) have established a two-pronged test for the introduction of criminal convictions and other "bad acts"; the first being the determination of "whether th[e] evidence is probative of a material issue other than character." United States v. Miller, 895 F.2d 1431, 1435 (1990) (quoting Huddleston, 485 U.S. at 681). Then, if the evidence was offered for a permissible Rule 404(b)(2) purpose, the court must determine whether Rules 402 or 403 exclude the evidence. Id.; Fed. R. Evid. 402; Fed. R. Evid. 403.

Rule 404(b)(3) dictates the manner in which the prosecutor must notify the defendant of such evidence and the prosecutor's intent for its introduction at trial. Fed. R. Evid. 404(b)(3). To comply with the notice requirements, the prosecutor must disclose the purpose for which the prosecutor intends to use the evidence and the reasoning supporting it. Id. If such evidence is admitted, the court must give a limiting instruction to the jury at the defendant's request. United States v. Morrow. No. 04-355 (CKK), 2005 U.S. Dist. LEXIS 23512, at *100 (D.D.C. Apr. 7, 2005) (quoting Fed. R. Evid. 105). In the case at bar, the Government provided insufficient reasoning to support its "knowledge and intent" argument. The actions

do not fall within the permitted exceptions of 404(b)(2) as the Defendant's attendance at the Stop the Steal rally is offered for propensity purposes. Furthermore, not only does this action lack probative value, but what little probative value it possesses fails to outweigh the danger of unfair prejudice. A limiting instruction would not prevent the jury from assigning undue prejudice to the defendant.

Argument

**I.      The Government's argument that Defendant's attendance at the Stop the Steal rally illustrates Defendant's knowledge of and intent to participate in his alleged actions at the U.S. Capitol lack sufficient justification as required by Rule 404(b)(3) and is not encompassed by the permissible exceptions ascribed in Rule 404(b)(2).**

The Government's notice dated 3 July 2023 satisfies the written requirement of Rule 404(b)(3)(A) and Rule 404(b)(3)(C); however, the notice fails to articulate a a reason that this action would inform the Defendant's alleged knowledge of or intent to participate in "what was happening at the U.S. Capitol on January 6" or even more importantly, that he would even have known what would happen at the Capitol the following day

The logical nexus between the Stop the Steal rally and the events that transpired at the U.S. Capitol on 6 January is non-existent. The "Stop the Steal" rally was held on the exterior grounds of the Pennsylvania State Capitol, resulted in no

destruction of government property, and did not disrupt the legislative process; it was the Defendant merely exercising his First Amendment right to protest.

Furthermore, mere presence at a lawful protest does not establish knowledge of or intent to participate in the actions with which he is presently charged. To establish this would require assumptions on the part of the Court and the jury. The Government lacks any evidence that the Defendant intended or agreed to enter or remain in a restricted building, engage in disorderly conduct, engage in disruptive conduct within the Capitol or impermissibly picket or parade in the U.S. Capitol. For this evidence to be permissible, the Government cannot rely on assumptions; they bear burden of establishing its permissibility, which they have failed to do. The connection between the action and the supposed "knowledge" or "intent" proffered by the Government is far too attenuated to constitute legitimate reasoning.

**II.     Under Huddleston v. United States, 485 U.S. 681 (1988), the danger of unfair prejudice substantially outweighs the probative value of Defendant's presence at the Stop the Steal rally.**

If This Honorable Court finds these alleged activities are relevant under the first of the two-prong test established in Miller and Huddleston, the action the Government seeks to introduce is inflammatory and therefore should not be admitted. The moment a reference to the Stop the Steal rally is made, jurors will make an impermissible inference. It is a polarizing topic the Government intends to

wield as a tool to paint the Defendant in a prejudicial light. Such evidence would only serve to confuse the jury as the Stop the Steal rally was a lawful exertion of the defendant's First Amendment rights and would create substantial unfair prejudice. The Government cannot and has not provided the probative basis for its admissibility. This Court should therefore prevent the jury from hearing this evidence.

### III. A limiting instruction would not sufficiently guard against prejudice.

While a limiting instruction for 404(b) evidence is permissible upon the Defendant's request, such instruction in the instant case does not suffice to protect the Defendant against prejudice. Although jury instructions are presumed effective, *see* Francis v. Franklin, 471 U.S. 307, 324 (1985), this presumption is rebutted by the highly politicized nature of the issues at hand and a limiting instruction would not prevent a jury from finding guilt based upon opposition to the Defendant's actions. This is a highly politicized case, where the Defendant's action, if introduced, could jeopardize his constitutional right to a fair trial.

The risk in this case is far too great for the jury to hear this evidence based upon its unfairly prejudicial and extremely attenuated nature. This Court should therefore not admit this evidence. However, in the event this Court finds this testimony admissible, the Defendant requests a limiting instruction.

### IV. The Government's proposed evidence is offered for propensity purposes.

The primary bar on character evidence is for improper, or propensity purposes. See Fed. R. Evid. 404. The Government has attempted to establish a permissible reason for this evidence under 404(b)(2) but has failed to adduce a good-faith argument as to how the evidence establishes the Defendant's presence at the Stop the Steal rally proves he had knowledge and intent to participate in obstructing an official proceeding. Merely stating this act as evidence of knowledge and intent is not sufficient to meet the requisite burden; the Government is relying on the jury assuming that a lawful protest at the Pennsylvania Capitol is equivalent to the protest on 6 January. What occurred was not remotely foreseeable. It therefore seeks to establish the Defendant's character and actions in conformance therewith.

The Government bears the burden of establishing this evidence is probative of a permissible 404(b) purpose and not highly prejudicial in nature. If admitted, this evidence would constitute improper character evidence as it does not make any fact of consequence in the Government's case in chief more or less probable.

## Conclusion

The Government seeks to introduce evidence that is unfairly prejudicial and serves as impermissible propensity evidence rather than evidence for a permitted purpose under Rule 404(b). The Government has also failed to meet its burden of

establishing permissibility. For the foregoing reasons, this Court should grant the Defendant's Motion to Exclude 404(b) Evidence.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: 4 September 2023 | /s/Jonathan W. Crisp |
|  | Jonathan W. Crisp, Esquire |
|  | 4031 North Front St. |
|  | Harrisburg, PA  17110 |
|  | I.D. # 83505 |
|  | (717) 412-4676 |
|  | jcrisp@crisplegal.com |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the individual listed below:

### ELECTRONIC SERVICE

Brian Morgan, Esquire
Assistant United States Attorney
Human Rights & Special Prosecutions
1301 New York Avenue NW
Washington, DC 20530
brian.morgan@usdoj.gov

Date: 4 September 2023

/s/ Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com
Attorney for Defendant