**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:22-cr-00183-TSC** |
| | : | |
| | : | **(JUDGE CHUTKAN)** |
| **v.** | : | |
| | : | |
| | : | |
| **LYNWOOD NESTER,** | : | |
| | : | |
| **Defendant** | : | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S OPPOSITION OF THE GOVERNMENT'S NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The Defendant, by and through his attorney, Jonathan W. Crisp, Esquire, files this Reply to the Government's Response in Opposition to the Defendant's Opposition of the Government's Notice Pursuant to Federal Rule of Evidence 404(b). For the reasons set forth below, this Court should exclude the Government's proposed evidence and find it inadmissible at trial for being offered for a forbidden propensity purpose and for the danger of unfair prejudice outweighing the probative value.

Procedural History

On 20 May 2022, the Government filed an indictment alleging violations of, *inter alia*, 40 USC § 5104(e)(2)(D) (Count One); disorderly conduct in a capitol building and 40 USC § 5104(e)(2)(G) (Count Two); parading, demonstrating, or picketing in a capitol building.

On 3 July 2023, the Government filed a Notice of Evidence Pursuant to Rule 404(b) of Defendant's attendance at and participation in the 5 January 2021 "Stop the Steal" rally at the Pennsylvania State Capitol. The Government posits that the proposed evidence is relevant to the

underlying offenses for showing the Defendant's knowledge of what was to occur at the U.S. Capitol on 6 January as well as his intent to participate therein.

On 5 September 2023, the Defense filed a Brief in Opposition and Motion to Exclude the Government's proposed 404(b) evidence. On 11 September 2023, the Government filed a Response in Opposition to the Defendant's brief and motion to exclude. This Reply follows.

Legal Authority

As established by the D.C. Circuit, FRE 404(b) is a rule of "inclusion rather than exclusion." United States v. Cassell, 292 F.3d 788,796 (2002) (quoting United States v. Bowie, 232 F.3d 923, 929 [D.C. Cir. 2000]). Furthermore, "evidence is only prohibited if it is offered for the impermissible inference that a defendant is of bad character resulting in bad conduct." Castell, 292 F.3d at 796. Although Rule 404(b) may not prohibit character evidence offered for the permitted purposes, 404(b) evidence remains subject to the "general strictures limited admissibility such as Rule 402 and 403." Huddleston v. United States, 485 U.S. 681, 692 (1988). Rule 402 provides that relevant evidence is admissible if not otherwise prohibited by law, whereas Rule 403 states the court may reject otherwise relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 402; Fed. R. Evid. 403.

Rules 403 and 404(b) have established a two-pronged test for the introduction of criminal convictions and other "bad acts"; the first being the determination of "whether th[e] evidence is probative of a material issue other than character." United States v. Miller, 895 F.2d 1431, 1435 (1990) (quoting Huddleston, 485 U.S. at 681). Then, if the evidence was offered for a

permissible Rule 404(b)(2) purpose, the court must determine whether Rules 402 or 403 exclude the evidence. Id.; Fed. R. Evid. 402; Fed. R. Evid. 403.

Rule 404(b)(3) dictates the manner in which the prosecutor must notify the defendant of such evidence and the prosecutor's intent for its introduction at trial. Fed. R. Evid. 404(b)(3). To comply with the notice requirements, the prosecutor must disclose the purpose for which the prosecutor intends to use the evidence and the reasoning supporting it. Id. If such evidence is admitted, the court must give a limiting instruction to the jury at the defendant's request. United States v. Morrow. No. 04-355 (CKK), 2005 U.S. Dist. LEXIS 23512, at *100 (D.D.C. Apr. 7, 2005) (quoting Fed. R. Evid. 105).

Argument

First and foremost, Image 1 in the Government's Response is mischaracterized. *See* Exhibit 1. This photograph was captured on 30 December 2020, in Quarryville, Pennsylvania, at a Cutler protest[1], not at the Stop the Steal rally. The Defendant does not contest his attendance at the Stop the Steal rally, but the Government's photographic evidence is inaccurate. Furthermore, the Defendant understood the 5 January event as the "Hear Us Roar" rally that sought to decertify Pennsylvania's presidential election results.[2] In demonstration of the Defendant's belief, he brandished a sign stating "DECERTIFY" on 30 December 2020. Id. at 2.

The proposed evidence of the Defendant's attendance in the Stop the Steal rally on 5 January is inadmissible because: (1) the evidence is being offered for an impermissible

[1] https://lancasteronline.com/news/politics/more-than-100-pro-trump-protesters-gather-outside-pa-house-speaker-cutlers-home-office/article_1d0ba7ae-4b12-11eb-84a8-0b87cfbfd99a.html - Notably, the Cutler protest occurred on a grassy hill outside PA House Speaker Bryan Cutler's home in Lancaster, PA. This event is where the photo provided in the Government's Response was taken.

[2] https://www.pennlive.com/elections/2021/01/hear-us-roar-rally-in-harrisburg-seeks-to-decertify-pas-votes.html - The PA "Hear us Roar" rally was held on the front steps and nearby area surrounding the Pennsylvania capitol in Harrisburg, PA. The pictures included on this webpage depict the woman the Defendant was shown next to in the Government's Response, Sandra Weyer, in different clothing then what she wore to the 30 December Cutler protest.

propensity purpose, (2) it is far too attenuated from his actions in D.C. on 6 January, (3) the danger of unfair prejudice outweighs the probative value, and (4) a limiting instruction would not guard against unfair prejudice.

The trier of fact would make an impermissible propensity inference if presented with this proposed 404(b) evidence. On both 5 January and 6 January, the Defendant had the same intent and purpose: to lawfully protest for the decertification of Pennsylvania's presidential election results on the basis of election law violations. However, the Government is conflating the peaceful rally that occurred on 5 January with the riot that occurred on 6 January at the U.S. Capitol. The Government is utilizing these facts to show a propensity inference that would not be supported by the evidence given the distinct nature of the events. This conflation will lead the trier of fact to make an impermissible propensity inference.

Furthermore, the Government has inaccurately framed the Defendant's intent to show he had knowledge of what would occur on 6 January. Specifically, the Response declared that it "defies logic and fair comparison" to not find the events comparable because both involved the intent to stop the "certification of the 2020 presidential election." Id. at 7. However, the Government's position fails to acknowledge the Defendant's distinct purpose for attending the 5 January and 6 January rallies: to influence the Pennsylvania Congressional body, not to stop the presidential election results of the entire Country. Mere intent to decertify Pennsylvania's presidential election results does not suffice to establish intent to participate in what would occur on 6 January. Moreover, by taking the Defendant's specific intent of effecting Pennsylvania and broadening it to the entire Nation, the Government fails to articulate a justification for how the Defendant's conduct on 5 January informed his knowledge and intent to participate at the Capitol

on 6 January. Therefore, the connection between his actions and his supposed knowledge and intent of the events on 6 January is far too attenuated.

In addition, the Government in its brief continues to argue that his peaceful, lawful attendance at the event in Pennsylvania on 5 January 2021 is necessary to show his illegal intent to engage in illegal activities on 6 January 2021 in Washington D.C. See Document 95, page 9. The two activities are not probative of each other, nor can a reasonable inference be made that the activities on 5 January 2021 support what occurred on 6 January 2021.

Next, the Defendant's circumstances do not resemble that of the defendant in United States v. Fitzsimons, 605 F. Supp. 3d 92, 101 (D.D.C. 2022), because there is no direct link between his prior conduct and his conduct on 6 January. Mr. Fitzsimons made four phone calls to his Congressional representative in December 2020 in which he referenced election illegitimacy, fraud, corruption, and explicitly stated he would be in attendance on 6 January. In focusing on the mention of "certification," "election," and "fraud," the court held these calls were admissible because they directly linked the defendant's beliefs about election fraud to his travel to D.C. to stop the electoral college vote. However, the court did not find that separate calls made in March 2020 or in 2019 were admissible because they lacked mention of "certification" or the upcoming election.

In the case at bar, the Defendant did not possess a belief that fraud occurred in the National election; rather, the Defendant believed the Pennsylvania presidential election results were conducted in violation of Pennsylvania election code. His focus on the words "certification" and "election" only referenced Pennsylvania, not an intent to protest the entire Nation's election results. the Government improperly utilizes Fitzsimons, in conjunction with the

temporal proximity of the two rallies, to posit a direct link in the Defendant's conduct based on his similar intent to protest "certification" proceedings generally.

Finally, the prejudicial effect of the proposed evidence would be unfair and would substantially outweigh the probative value under F.R.E. Rule 403. The Government's position that the Defendant had the intent of stopping the certification of the entire Presidential election poses a danger of a jury conflating participation in a legal protest with an illegal riot. Beyond this being an impermissible propensity inference, it would be unfairly prejudicial to the Defendant for farming him as someone with a character for disorder and disruption merely for participating in the two protests. Even if a limiting instruction was given and presumably followed, the Defendant would still be staged to have an overly broad intent at both protests that would inevitably link the Defendant's separate conduct, regardless of if it was criminal or not. Therefore, the unfair prejudicial effect of the proposed evidence would fail to be rectified by a limiting instruction thereby rendering the probative value of the evidence substantially outweighed by the unfair prejudice.

## Conclusion

For the reasons set forth herein, the Defense respectfully requests that this Court grant the Defendant's Motion to Exclude Evidence of the Defendant's participation in the "Stop the Steal" rally on 5 January and rule that such evidence is inadmissible pursuant to Rule 404(b).

Respectfully submitted,

Date: 22 September 2023

*/s/Jonathan W. Crisp*

Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA 17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on the individual listed below:

**ELECTRONIC SERVICE**

Brian Morgan, Esquire
Assistant United States Attorney
Human Rights & Special Prosecutions
1301 New York Avenue NW
Washington, DC 20530

Date: 22 September 2023

/s/ Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA 17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com
Attorney for Defendant