IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:22-cr-00183-TSC** |
| | : | |
| | : | **(JUDGE CHUTKAN)** |
| v. | : | |
| | : | |
| | : | |
| **LYNWOOD NESTER,** | : | |
| | : | |
| **Defendant** | : | |

### DEFENSE RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IMPROPER DEFENSE ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT

The Defendant, by and through his Attorney, Jonathan W. Crisp, hereby respectfully requests that this Court deny the Government's Motion in Limine to preclude argument or evidence related to entrapment by estoppel and that law enforcement's alleged inaction rendered the Defendant's actions lawful. The Defense further respectfully request this Court permit evidence or argument relating to alleged inaction by law enforcement to the extent that the Defendant specifically observed or was otherwise aware of such conduct at the relevant time. In short, the Government's request to bar entrapment arguments is overbroad and encompasses more than the concept of entrapment. It encompasses the knowledge element the Government is required to prove and removes from them the burden of demonstrating that element.

I. **This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel**

The Government contends that regardless of whether a member of law enforcement told Defendant that it was lawful to enter the Capitol building or allowed him to do so, his "reliance on any such statement would not be reasonable in light of the 'obvious police barricades, police lines, and police orders restricting entry at the Capitol." *See* ECF No. 92 at page 3. However, the evidence does not bear out there were barricades in sufficient locations or quantities that, at the time the Defendant approached the U.S. Capitol, put him on notice. Without such evidence, the Government fails to establish the Defendant possessed this knowledge or the requisite notice.

II. **This court Should Preclude the Defendant from Arguing that Alleged Inaction by Law Enforcement Officers Made His Conduct on January 6, 2021 Legal**

It is crucial to note there is a distinction between the effect law enforcement's inaction or lack of communication had on the Defendant's state of mind and alleging that such inaction or lack of communication legalized the Defendant's alleged conduct. While it is true the no member of law enforcement possesses the ability to "abrogate criminal laws duly enacted by Congress" the inaction or lack of communication of members of law enforcement can lead an individual to perceive their conduct as permissible. In the instant case, the Defendant did not witness any law enforcement member

impeding or inhibiting entry into the Capitol at the time of his entry. Such inaction by law enforcement lends itself to the Defendant's mistake of fact that his entry into the Capitol was permissible.

**III.  This Court Should Preclude the Defendant from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendant Specifically Observed or Was Otherwise Aware of Such Conduct**

The Defense has no objection to limiting the Defendant's testimony to mention of inaction of law enforcement to what the Defendant himself observed or possessed knowledge thereof.

## CONCLUSION

For the reasons set forth herein, the Defense respectfully requests that this Court deny the Government's Motion in Limine to preclude argument or evidence related to entrapment by estoppel and that law enforcement's alleged inaction rendered the Defendant's actions lawful. The Defense further respectfully request this Court permit evidence or argument relating to alleged inaction by law enforcement to the extent that the Defendant specifically observed or was otherwise aware of such conduct at the relevant time.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: 22 September 2023 | */s/Jonathan W. Crisp* <br> Jonathan W. Crisp, Esquire <br> 4031 North Front St. <br> Harrisburg, PA  17110 <br> I.D. # 83505 <br> (717) 412-4676 <br> jcrisp@crisplegal.com |

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing document was served on the individual listed below:

### ELECTRONIC SERVICE

Brian Morgan, Esquire
Assistant United States Attorney
Human Rights & Special Prosecutions
1301 New York Avenue NW
Washington, DC 20530
brian.morgan@usdoj.gov

Date: 22 September 2023

/s/ Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com
Attorney for Defendant