**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 22-cr-183 (TSC) |
| | : | |
| LYNNWOOD NESTER, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO PLEAD NOLO CONTENDERE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum in opposition to the Defendant, Lynnwood Nester's Motion to Plead Nolo Contendere, ECF Doc. 110. In his motion, the defendant seeks to plead nolo contendere to the four misdemeanor counts charged in the Information related to the defendant's participation in the January 6, 2021 riot at the U.S. Capitol. The Court should deny the motion for several reasons. As described below, a plea of nolo contendere would not be in the public interest, particularly given the historical context of this case, and would provide inadequate specific and general deterrence for future crimes. For these reasons and the others set forth below, the Court should exercise its broad discretion to deny the motion and reset this matter for trial.

**I.       Procedural Background**

On May 11, 2022, the defendant was charged by complaint with four misdemeanor counts for his participation in the January 6, 2021 riot at the U.S. Capitol. ECF Doc. 1. The defendant was then arrested on May 11, 2022, ECF Doc. 6, and charged with the same four misdemeanors by Information, ECF Doc. 14. In April 2023, this Honorable Court set the matter for trial to begin on October 16, 2023, which was subsequently updated to begin on October 17, 2023

Consistent with the Court's scheduling order, the parties filed motions in limine in early

September and submitted their Statement of the Case on October 2, 2023. The government filed

its witness and exhibit lists on October 10, and the defense filed its exhibit list on October 16.

With the parties prepared to begin jury selection on Tuesday, October 17, the defense

notified government counsel and the Court on Sunday, October 15 that the defendant wished to

plead guilty to the information. Defense counsel then clarified on Monday, October 16 that the

defendant wished to enter a plea of nolo contendere to the Information. The government objected,

and the Court set a briefing schedule to address "the standard governing the court's decision to

accept a plea of nolo contendere, the factors considered, and whether allowing the plea serves the

public interest in the effective administration of justice. … [as well as] the grounds for opposing

the plea and whether courts in this district have accepted a nolo contendere plea under similar

circumstances." 10/17/2023 Minute Order.

## II.    Analysis

### A.    Federal Rule of Criminal Procedure 11

Federal Rule of Criminal Procedure 11 provides that a "defendant may plead not guilty,

guilty, or (with the court's consent) nolo contendere." Fed. R. Crim. P. 11(a)(1). "Before accepting

a plea of nolo contendere, the court must consider the parties' views and the public interest in the

effective administration of justice." *Id.* at 11(a)(3).

"Rule 11(b) clearly indicates that a criminal defendant has no absolute right to plead nolo

contendere[.]" *United States v. Bearden*, 274 F.3d 1031, 1035 (6th Cir. 2001). Indeed, other

circuits have described a court's acceptance of a nolo plea as "solely a matter of grace." *United*

*States v. Cepeda Penes*, 577 F.2d 754, 756 (1st Cir. 1978); *United States v. Gratton*, 525 F.2d

1161, 1163 (7th Cir. 1975) ("[I]t seems at least arguable that the acceptance of a nolo plea is so

broadly a matter of discretion that a judge's adoption of a policy against such a plea is itself within

2

[the judge's] discretion."). Accordingly, "[t]he circuits that have considered this issue have generally held that a district court possesses wide discretion whether to accept a plea of nolo contendere." *Bearden*, 274 F.3d at 1035 (citing *Cepeda Penes*, 577 F.2d at 756; *Gratton*, 525 F.2d at 1163; *United States v. Dorman*, 496 F.2d 438, 440 (4th Cir.1974) (finding "no abuse of discretion" in the district judge's general policy against nolo pleas except in tax evasion cases)*;* Charles Alan Wright, 1A Federal Practice & Procedure § 177, at 294 (3d ed. 1999) ("[I]t is wholly unlikely that refusal to accept [a nolo contendere] plea would be regarded as error on appeal.")); *see also United States v. Buonocore*, 416 F.3d 1124, 1131 (10th Cir. 2005) ("Other courts of appeals have held that a district court may reject a plea of guilty or nolo contendere solely on the basis that the defendant refused to acknowledge his guilt. … Secondary sources also provide support for the proposition that a district court has discretion to reject Alford or nolo pleas based on a general policy against such pleas.") (citing Charles Alan Wright & Arthur R. Miller, 1A Federal Practice and Procedure, § 174, at 201-02 (3d ed. 1999)). As the *Buonocore* court explained, the plea of nolo contendere has an "important characteristic" that "distinguishes it fundamentally" from traditional guilty pleas. *Id.* (citing 89 A.L.R.2d 540, § 14). Specifically, "acceptance by the court is not a matter of right of the defendant but is *entirely* within the discretion of the court." *Id.* Accordingly, the court highlighted:

> All the later cases support the proposition that the plea of nolo contendere cannot be entered by the defendant as a matter of right but is pleadable only by leave of court, its acceptance by the court being *entirely* a matter of grace.

*Id.* (emphasis added in *Buonocore*).

B.  The Public Interest

While accepting a plea of nolo contendere is within the sound discretion of this Court, the public's interest in the effective administration of justice counsels against accepting such a plea

here. As described below, the Attorney General has opposed nolo contendere pleas in all but a "few extraordinary situations" since at the least the 1950's due to the public's interest:

> One of the factors which has tended to breed contempt for federal law enforcement in recent times has been the practice of permitting as a matter of course in many criminal indictments the plea of nolo contendere. While it may serve a legitimate purpose in a few extraordinary situations and where civil litigation is also pending, I can see no justification for it as an everyday practice, particularly where it is used to avoid certain indirect consequences of pleading guilty, such as loss of license of sentencing as a multiple offender. … Moreover, a person permitted to plead nolo contendere admits guilt for the purpose of imposing punishment for his acts and yet, for all other purposes, and *as far as the public is concerned, persists in his denial of wrongdoing. It is no wonder that the public regards consent to such a plea by the Government as an admission that it has only a technical case at most and that the whole proceeding was just a fiasco.* … Accordingly, in an effort to discourage the widespread use of the plea of nolo contendere, you are instructed not to consent to it except in the most unusual circumstances[.]

*United States v. Jones*, 119 F. Supp. 288, 289 n.1 (S.D. Cal. 1954) (quoting statement by former Attorney General Herbert Brownell, Jr.) (emphasis added). The First, Seventh, and Ninth Circuits have echoed these concerns: "[A] conviction affects more than the court and the defendant. . . . [T]he public might well not understand or accept the fact that a defendant who denied his guilt was nonetheless placed in a position of pleading guilty and going to jail." *United States v. Bednarski*, 445 F.2d 364, 366 (1st Cir. 1971); *see also United States v. Cox*, 923 F.2d 519, 524-26 (7th Cir. 1991) (reaffirming the "systemic legitimacy concerns" of Alford pleas outlined in *Bednarski*); *United States v. O'Brien*, 601 F.2d 1067, 1070 (9th Cir. 1979) (quoting the concerns described in *Bednarski* in affirming the rejection of an Alford plea). Thus, "[i]t has been said that courts are 'hostile' to [nolo contendere pleas]" and courts "are at least reluctant to accept [nolo contendere pleas] unless 'the circumstances of the case are so exceptional as to appeal to a favorable exercise of (the court's) discretion.'" *United States v. Faucette*, 223 F. Supp. 199, 200 (S.D.N.Y. 1963) (quoting *United States v. Bagliore*, 182 F. Supp. 714, 716 (E.D.N.Y. 1960); *United States v. Chin Doong Art*, 193 F. Supp. 820, 822 (E.D.N.Y. 1961)).

C.  <u>Argument</u>

Here, the government objects to the defendant's entry of a nolo contendere plea for several reasons. First, as courts have consistently recognized for nearly seventy years, a nolo contendere plea undermines the public trust in judicial proceedings. In the normal course of a federal criminal case, the defendant elects either to plead guilty or to persist in his innocence and proceed to trial. In either instance, a public record is created of the *facts* underlying the criminal prosecution and the adjudication of guilt under those facts. In the typical change of plea colloquy, the defendant acknowledges in open court the factual basis for his guilty plea. And in many cases, the defendant and the government enter into a written stipulation of those facts as part of the plea agreement. In the alternative, if the defendant proceeds to trial, a jury of the defendant's peers finds the relevant facts and determines whether the defendant is guilty or innocent. In either case, there is a public record of facts to which either the defendant admits or upon which the jury adjudicates guilt. These procedures instill public confidence in the justice system. A defendant is not guilty just because the prosecutor says he is; he is guilty by his own admission or because a jury found him so.

In contrast, a hearing to change the defendant's plea to nolo contendere creates no similarly complete public record. To be sure, in the event that this Court grants the defendant's motion here, the United States will set forth all of the facts that it could prove at trial that make the defendant guilty, beyond a reasonable doubt. But this is not the same thing as having a jury find that the government has met its burden or a defendant admitting the facts in open court and acknowledging that such facts violated the law.

At a time in this nation's history where public trust in the rule of law is under attack, it is critical that the public know that defendants who plead guilty actually are guilty and that the United States has undertaken this prosecution because the defendant is in fact guilty, as admitted to by the

defendant or found by the jury. The public deserves to be assured that this case is no "fiasco," and the United States has much more than just "a technical case." *See Jones*, 119 F. Supp. at 289 n.1.

The concern for building public trust in the rule of law and the criminal justice system is paramount in the context of January 6 cases. The riot at the Capitol on January 6, 2021, and subsequent prosecutions are surrounded by false narratives and misinformation, which obscure the basic facts of this attack on the democratic process and the rule of law. But with each guilty plea and public trial, the government has worked painstakingly to make the public record clear about the facts about January 6 and the responsibility of those who participated.   A plea of nolo contendere, on the other hand, would allow the defendant and other rioters who attacked the Capitol to continue to propagate the false narrative that they did nothing wrong. For these reasons, the government is not aware of a single other January 6-related case that has resolved by way of a nolo contendere plea.

Second, a plea of nolo contendere diminishes the impact of both specific and general deterrence. *Accord United States v. H & M, Inc.*, 565 F. Supp. 1 (M.D. Pa. 1982) ("The court also concludes that accepting a nolo plea in this case would not serve as a deterrent to antitrust activity."); *Faucette*, 223 F. Supp. at 201 (reasoning that accepting a nolo contendere plea "might well serve to weaken the deterrent effect of the penal provisions for the violation of federal income tax laws."). Beyond building trust in the criminal justice system, guilty pleas (wherein the defendant must acknowledge their conduct) and public trials serve to generally deter the public from engaging in criminal conduct. In terms of specific deterrence, the defendant's refusal to acknowledge his guilt diminishes the impact of specific deterrence, because he has not had to acknowledge that his conduct on January 6 was indeed criminal, or otherwise be faced with the evidence in Court.

Moreover, the defendant's own motion to plead nolo contendere lays bare why a nolo contendere plea is inappropriate in this particular case. First, the defendant claims that his conduct was "de minimus." ECF Doc. 110 at 6. Although the defendant may view himself as less culpable than rioters who engaged in assaultive or destructive conduct, there is nothing de minimus about any January 6 rioter's presence in the Capitol building. Secret Service and Capitol Police witnesses have testified in countless January 6 trials (and would also testify here) that the ongoing presence of any rioter inside the Capitol Building or its immediate vicinity meant that Congress could not reconvene to continue its constitutionally prescribed function of certifying the electoral college count. There is nothing "de minimus" about halting the certification of the election results and the peaceful transfer of power in our democracy.

Furthermore, despite acknowledging that that the outcome of trial "is in essence, a foregone conclusion," the defendant also argues that "[pleading guilty] would require the defendant to admit, under oath, that he specifically intended certain actions and knew the existence of certain facts that he did not at the time of the offense." *Id.* at 6-7. This tension illustrates precisely why a nolo contendere plea is not appropriate: By resisting pleading guilty, the defendant has not recognized, acknowledged, or accepted that he is in fact guilty of the charged offenses. Given this denial of the intent required to commit the offenses, the Court can have no confidence that the defendant or his supporters will not engage in this behavior again if they are dissatisfied with an election's results.

The defendant's contention that a trial would be "a colossal waste of taxpayer dollars and jurors and the Court's time" is not compelling, particularly at this late stage in the proceedings. *See id.* At this juncture, the government and the Court, have *already* invested substantial resources in preparing this case for trial. The defendant only indicated his desire to plead nolo contendere

7

within *one business day* of jury selection. The government's case is estimated to take only two or three days, perhaps less. At this point, the Court and the public's interest in saving any resources in avoiding this short trial are significantly outweighed by the other interests outlined in this brief.

The defendant's motion demonstrates that he has not acknowledged the illegality of his conduct and that he continues to contest essential elements of his offenses. Given the historical significance of January 6, 2021, the value of establishing a clear public record of the events of that day and this defendant's role in it, and the importance of both general and specific deterrence, this Court should exercise its broad discretion to deny the defendant's motion to plead nolo contendere.

### III.   Conclusion

For all of the foregoing reasons, the United States respectfully requests that the Court deny the defendant's Motion to Plead Nolo Contendere and reset this case for trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:      /s/ *Katherine E. Boyles*
Katherine E. Boyles
Assistant U.S. Attorney
D. Conn. Fed. Bar No. PHV20325
United States Attorney's Office
601 D Street NW
Washington, D.C. 20001
Phone: 203-931-5088
Email: Katherine.Boyles@usdoj.gov

/s/ *Brian Morgan*
Brian Morgan
NY Bar No. 4276804
Trial Attorney
601 D Street, N.W.
Washington, D.C. 20530
Email: Brian.morgan@usdoj.gov
Phone: (202) 305-3717